UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN A. MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC INVESTMENT<br>MANAGEMENT COMPANY<br>LLC, et al.,<br><br>    Defendants. | No. 12-Civ-4122 (LTS)(JCF)<br><br>ECF Case |

**DEFENDANT PIMCO FUNDS' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

      A.     PIMCO Funds ........................................................................................................ 2

      B.     Plaintiff's Allegations Against PIMCO Funds ...................................................... 3

ARGUMENT ................................................................................................................................. 5

I.     PLAINTIFF FAILS TO PLEAD ANY ALLEGED WRONGDOING BY PIMCO FUNDS, LET ALONE ANY COGNIZABLE CLAIM AGAINST IT ............................. 5

II.    PLAINTIFF LACKS STANDING TO ASSERT ANY CLAIM AGAINST PIMCO FUNDS ............................................................................................................... 7

III.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ............................ 9

CONCLUSION ............................................................................................................................ 10

...

# TABLE OF AUTHORITIES

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................... 4

*Damato v. Hermanson*,
    153 F.3d 464 (7th Cir. 1998) ............................................................................................ 7

*Frey v. Commodity Futures Trading Comm'n*,
    931 F.2d 1171 (7th Cir. 1991) .......................................................................................... 5

*Gomes v. ANGOP, Angola Press Agency*,
    No. 11-cv-580 (DLI), 2012 WL 3637453 (E.D.N.Y. Aug. 22, 2012) ........................................ 9

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ............................................................................................... 4

*In re Amaranth Natural Gas Commodities Litig.*,
    587 F. Supp. 2d 541 (S.D.N.Y. 2008) ................................................................................ 7

*In re Crude Oil Commodity Litig.*,
    No. 06 Civ. 6677 (NRB), 2007 WL 1946553 (S.D.N.Y. June 28, 2007) ............................. 5, 6

*In re Natural Gas Commodity Litig.*,
    337 F. Supp. 2d 498 (S.D.N.Y. 2004) ............................................................................... 5

*In re Platinum and Palladium Commodities Litig.*,
    828 F. Supp. 588 (S.D.N.Y. 2011) .................................................................................... 7

*Jones v. Harris Assocs. L.P.*,
    --- U.S. ---, 130 S. Ct. 1418 (2010) ................................................................................ 3

*Klein & Co. Futures, Inc. v. Bd. of Trade*,
    464 F.3d 255, 260 (2d Cir. 2006), ................................................................................... 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .......................................................................................................... 8

*Neitzke v. Williams*,
    490 U.S. 319 (1989) .......................................................................................................... 9

*Olkey v. Hyperion 1999 Term Trust, Inc.*,
    98 F.3d 2 (2d Cir. 1996) ................................................................................................... 9

*Van Buskirk v. The New York Times Co.*,
    325 F.3d 87 (2d Cir. 2003) ............................................................................................... 9

*Wade v. New York*,
    No. 11 Civ. 1073 (LTS), 2011 WL 5075100 (S.D.N.Y. Oct. 25, 2011) ............................... 4

*Wilson v. Merrill Lynch & Co.*,
  671 F.3d 120 (2d Cir. 2011)..................................................................................2, 3

**STATUTES**

7 U.S.C. § 22..................................................................................................................8

28 U.S.C. § 1915............................................................................................................9

**OTHER AUTHORITIES**

PIMCO Funds, Statement of Additional Information 154 (July 23, 2012 & as
  supplemented, Oct. 23, 2012), *available at* http://prospectus-
  express.newriver.com/PNET/print.asp?clientid=gwl&fundid=PI-TRT&doctype=sai.......... 2-3

Defendant PIMCO Funds moves to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), for failure to state a claim and for failure to allege standing to sue PIMCO Funds.  In addition to the Complaint's numerous facial deficiencies as set forth in Defendant Pacific Investment Management Company  LLC's ("PIMCO's") Memorandum of Law, which PIMCO Funds adopts in its entirety, Plaintiff's Complaint against PIMCO Funds is deficient for the additional specific reasons discussed below.

## PRELIMINARY STATEMENT

Plaintiff's Complaint seeks unspecified damages and calls for a criminal investigation of various defendants, including PIMCO Funds, based on all defendants' alleged conspiracy to use an unidentified "computer program" to manipulate the entire U.S. Treasury futures and options market in 2010.  Compl. ¶ 2.  Simply put, Plaintiff's Complaint is premised on a delusion that is as implausible as it is unsupported, as demonstrated in the motions to dismiss filed by the other defendants in this case.  Dismissal of the Complaint as against PIMCO Funds is warranted for the same reasons urged by the other defendants.

In addition, the Complaint should be dismissed in its entirety and with prejudice as to PIMCO Funds for the following separate reasons:

*First*, the Complaint fails to allege any actionable conduct by PIMCO Funds.  Although the Complaint purports to allege a market manipulation claim under the Commodity Exchange Act ("CEA") against PIMCO Funds (and the other Defendants), Plaintiff fails to identify any particular action by PIMCO Funds in furtherance of any alleged scheme.  Instead, Plaintiff's own allegations suggest that PIMCO Funds, if anything, was itself *harmed* by the purported scheme alleged in the Complaint.  Moreover, the few allegations that actually pertain to PIMCO Funds

1

negate any reasoned determination that it had the requisite means or intent to engage in market manipulation.

*Second*, the Complaint fails to allege that Plaintiff has standing to assert any claims against PIMCO Funds, as required by Article III of the Constitution and the CEA.  Although the Complaint does purport to describe harm to shareholders in PIMCO Funds caused by the alleged market manipulation scheme, Plaintiff nowhere alleges that he was a PIMCO Funds shareholder.  Nor would Plaintiff's standing to assert a CEA market manipulation claim change even if he were a PIMCO Funds shareholder, as such standing here would require that Plaintiff himself traded in the allegedly manipulated Treasury futures contracts – which he also fails to allege.

Notwithstanding Plaintiff's *pro se* status, his Complaint against PIMCO Funds lacks any cognizable, or even conceivable, basis.  The Complaint should be dismissed against PIMCO Funds in its entirety and with prejudice.

## BACKGROUND

### A.   PIMCO Funds

PIMCO Funds[1] is an open-ended investment company registered pursuant to the Investment Company Act, 15 U.S.C. §§ 80a-1, *et seq.*, that is organized as a Massachusetts business trust.[2]  As set forth in its offering materials (which themselves are filed with the U.S. Securities and Exchange Commission ("SEC"), available on PIMCO's website, and mailed to PIMCO Funds' shareholders), PIMCO Funds is a mutual fund currently consisting of 83 separate

---

[1] Although described as "PIMCO Funds" in the Complaint, the proper name of PIMCO Funds is PIMCO Funds: Pacific Management Series.  For convenience, this Motion will use "PIMCO Funds."

[2] *See* PIMCO Funds, STATEMENT OF ADDITIONAL INFORMATION 154 (July 23, 2012 & as supplemented, Oct. 23, 2012) [hereinafter "PIMCO Funds SAI"], *available at* http://prospectus-express.newriver.com/PNET/print.asp?clientid=gwl&fundid=PI-TRT&doctype=sai.  The Court may take judicial notice of a prospectus or related investment materials in deciding a motion to dismiss under Rule 12(b)(6).  *See, e.g.*, *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 123 (2d Cir. 2011).

portfolios, each of which consists of a separate pool of assets.[3]  Shares in each of the portfolios are offered for sale to the public; the purchasers of such shares are referred to herein as "PIMCO Funds shareholders."  The assets of each PIMCO Funds portfolio are invested in accordance with the investment objectives and restrictions applicable to that particular PIMCO Fund or as specified in the relevant prospectus.  *Id.* at 2.

As is common for mutual funds, PIMCO Funds is a pass-through collective investment vehicle that does not have any employees, makes no investment decisions, executes no trades, and possesses no computers or programmers for trading.  *See* PIMCO Funds SAI at 65.  Instead, and as conceded in Plaintiff's complaint (*see* Compl. ¶ 25), PIMCO Funds hired (and continues to hire) PIMCO to serve as its investment adviser; PIMCO therefore is responsible for making investment decisions and placing orders for the purchase and sale of the PIMCO Funds' investments, directly with the issuers or with brokers or dealers selected by it in its discretion.[4]  *See* PIMCO Funds SAI at 65.  As the investment adviser, PIMCO is solely responsible for ensuring that the assets of a particular PIMCO Fund are invested in accordance with that Fund's specific investment objectives and restrictions.  *See id.*

### B.   Plaintiff's Allegations Against PIMCO Funds

As set forth in greater detail in PIMCO's Memorandum in Support of its Motion to Dismiss, and in the CME Group Defendants' Memorandum of Law in Support of Their Motion to Dismiss (Dkt. No. 22), Plaintiff's Complaint alleges that during 2010 all Defendants conspired

---

[3]   *Id.* at Introduction.

[4]   *See generally Jones v. Harris Assocs. L.P.*, --- U.S. ---, 130 S. Ct. 1418, 1422 (2010) ("A mutual fund is a pool of assets . . . belonging to the individual investors holding shares in the fund . . . . A separate entity called an investment adviser creates the mutual fund, which may have no employees of its own," while "[t]he adviser selects the fund's directors, manages the fund's investments, and provides other services.").

to manipulate the prices for the entire U.S. Treasury futures and options market. Indeed, Plaintiff's Complaint is replete with allegations that various unspecified "Defendants" committed assorted acts in furtherance of the alleged scheme without providing any specific information about which defendant committed which act. *See, e.g.*, Compl. ¶ 12 ("*Defendants* generated enough momentum of prices during the 90 separate times they manipulated the price higher to attached momentum traders to whom the manipulators could dump most if not all their positions until the following trigger began when the Dow Jones futures contract began its next 40 point decline.") (emphasis added).

Although Plaintiff names PIMCO Funds as a defendant in his Complaint, his scant allegations regarding PIMCO Funds actually indicate, if anything, that PIMCO Funds was harmed by the alleged scheme set forth in the Complaint. In fact, the entirety of Plaintiff's Complaint alleges only the following with respect to PIMCO Funds:

- That PIMCO Funds' shareholders (which is to say, PIMCO Funds itself) paid "the highest September quarter fee possible . . . to PIMCO management" (Compl. ¶ 5);

- That PIMCO "caused PIMCO Funds to combine false statements with 90 specific timed computer bidding to create artificial prices that made the repeated false statements to come true" ( *id.* ¶ 25); and

- That PIMCO Funds' "shares collapsed in synch with the collapse of the Treasury securities and futures prices until February 2011" (*id.* ¶ 31).

As established below, these allegations, even if accepted as true (which they are not), are insufficient as a matter of law to state any claim against PIMCO Funds under any pleading standard.[5]

---

5   Although Plaintiff is proceeding *pro se*, the Court still must apply the "plausibility" standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) to his Complaint. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Wade v. New York*, No. 11 Civ. 1073 (LTS), 2011 WL 5075100, at *1 (S.D.N.Y. Oct. 25, 2011) (noting that *pro se* pleadings "must still contain factual allegations that raise a right to relief above the speculative level") (internal citations and quotation marks omitted).

**ARGUMENT**

I.  **PLAINTIFF FAILS TO PLEAD ANY ALLEGED WRONGDOING BY PIMCO FUNDS, LET ALONE ANY COGNIZABLE CLAIM AGAINST IT**

Plaintiff's Complaint fails to satisfy basic pleading requirements with respect to PIMCO Funds because it: (1) fails to identify even one act that PIMCO Funds committed in furtherance of any alleged manipulative scheme; (2) concedes that, if anything, PIMCO Funds was itself damaged by any alleged scheme; and (3) demonstrates that PIMCO Funds lacked the requisite specific intent to engage in the alleged market manipulation.

To state a market manipulation claim under Section 9(a) of the CEA, Plaintiff must plausibly allege that: (1) the defendant possessed an ability to influence market prices; (2) an artificial price existed; (3) the defendant caused the artificial price; and (4) the defendant specifically intended to cause the artificial price. *See, e.g.*, *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 507 (S.D.N.Y. 2004); *Frey v. Commodity Futures Trading Comm'n*, 931 F.2d 1171, 1175 (7th Cir. 1991).

Plaintiff's Complaint not only fails to allege any facts to support any of the above elements as to PIMCO Funds, but it is devoid of *any* allegations specific to PIMCO Funds, and thus fails to meet even the basic pleading requirements of Rule 8(a), much less the more rigorous, applicable standard of Rule 9(b). Rather, the Complaint largely contains non-specific allegations that all defendants committed unidentified acts in furtherance of the alleged scheme without any supporting factual detail. Such generic and conclusory allegations are insufficient as a matter of law to state a claim against PIMCO Funds (or any Defendant). *See, e.g., In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677 (NRB), 2007 WL 1946553, at *6 (S.D.N.Y. June 28, 2007) ("In situations where multiple defendants are alleged to have committed fraud, the

complaint must specifically allege the fraud perpetrated by each defendant, and 'lumping' all defendants together fails to satisfy the particularity requirement.").

The few allegations that actually do relate to PIMCO Funds do not give rise to any inference of wrongdoing whatsoever. As set forth above, Plaintiff's specific allegations with respect to PIMCO Funds merely state: (1) that PIMCO Funds' shareholders paid an allegedly high quarterly managed fee to PIMCO in September 2010 (Compl. ¶ 5); (2) that PIMCO somehow caused PIMCO Funds to combine false statements with computer bidding to create artificial prices (*id.* ¶ 25); and (3) that the price of PIMCO Funds shares collapsed following the end of the alleged manipulation (*id.* ¶ 31).

These allegations do not support any inference that PIMCO Funds performed any acts in furtherance of any alleged scheme to manipulate the market for U.S. Treasury futures contracts. Instead, they indicate, at most, that PIMCO Funds was injured by that alleged scheme in that (a) PIMCO Funds shareholders allegedly were forced to pay higher management fees to PIMCO during the period of the manipulation, and (b) following the end of the manipulation, PIMCO Funds shareholders suffered a collapse in their share prices. Under any view of the law, allegations like these do not give rise to a CEA claim against PIMCO Funds. *See, e.g.*, *In re Crude Oil*, 2007 WL 1946553, at *7 (dismissing plaintiff's market manipulation claims when "plaintiffs [could not] point to a specific instance in which defendants engaged in a manipulative manner").

The remaining allegations are equally devoid of any suggestion of wrongdoing. First, the allegation that another defendant (PIMCO) "*caused* PIMCO Funds to combine false statements with 90 specific timed computer bidding to create artificial prices that made the repeated false statements to come true" (Compl. ¶ 25 (emphasis added)), makes no sense. PIMCO Funds

6

neither made any statements (false or otherwise), made any trades, nor operated any computer bidding programs. It therefore engaged in none of the conduct that supposedly made purported "false statements come true." Moreover, the Complaint's allegation that another party "caused" PIMCO Funds to engage in the alleged conduct implicitly concedes that PIMCO Funds itself did not have the ability or intent to engage in the actions that are alleged to have violated the CEA. This concession actually does make sense, since, as described above, PIMCO Funds is a pass-through collective investment vehicle that does not make any investment decisions or execute any trades itself. Plaintiff therefore lacks any plausible basis to assert any market manipulation allegations against PIMCO Funds under the CEA. *See, e.g.*, *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 541 (S.D.N.Y. 2008) (dismissing CEA claims against defendant when Complaint failed to allege any plausible inference that defendant had specific intent to manipulate the market).[6]

In light of these fundamental and incurable deficiencies, Plaintiff's Complaint fails to satisfy the basic pleading requirements set forth in Rules 8(a) and 9(b), and it therefore should be dismissed as to PIMCO Funds with prejudice.

## II.    PLAINTIFF LACKS STANDING TO ASSERT ANY CLAIM AGAINST PIMCO FUNDS

In addition to failing to state a claim upon which relief can be granted, the Complaint also fails to demonstrate that Plaintiff has standing to assert claims against PIMCO Funds. Although Plaintiff contends in his Complaint that PIMCO Funds' shareholders were harmed because

---

[6] For the same reasons, Plaintiff cannot state a claim for aiding and abetting a CEA violation against PIMCO Funds. *See, e.g.*, *Damato v. Hermanson*, 153 F.3d 464, 473 (7th Cir. 1998) (to state a claim for aiding and abetting under Section 25 of the CEA, a plaintiff must plausibly allege that the aider and abettor (1) knew of the principal's intent to commit a violation of the Act; (2) had the intent to further that violation; and (3) committed some act in furtherance of the principal's objective); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 599 (S.D.N.Y. 2011) (same).

7

PIMCO allegedly charged PIMCO Funds' shareholders an "excessive fee . . . for the September 2010 quarter" (Compl. ¶ 20),[7] he fails to allege that he invested in any of the PIMCO Funds at the relevant time (or ever).  Accordingly, and as described in greater detail in PIMCO's Memorandum in Support of its Motion to Dismiss, Plaintiff fails even to allege that he has standing under the "irreducible constitutional minimum standard" required by Article III of the U.S. Constitution.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Nor does Plaintiff allege that he possesses standing to assert a claim against PIMCO Funds under the CEA.  Section 22 of the CEA "enumerates the only circumstances under which a private litigant may assert a private right of action for violations of the CEA."  *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 259 (2d Cir. 2006).  More specifically, Plaintiff has standing to sue PIMCO Funds under Section 22(a)(1) of the CEA only if he: (1) received trading advice from PIMCO Funds for a fee; (2) either made a contract for futures or options through PIMCO Funds or deposited money with PIMCO Funds in connection with such a contract; (3) purchased from, sold to, or placed through, PIMCO Funds an order for specified options or commodities; or (4) purchased or sold a contract in which the price of such contract, or the price of the commodity underlying such contract, was manipulated.  7 U.S.C. § 22(a)(1)(A)-(D); *see Klein*, 464 F.3d at 260.

Plaintiff's Complaint lacks any allegation demonstrating that he meets any of these statutory prerequisites.  Plaintiff does not (and given PIMCO Funds' status as a pass-through collective investment vehicle, cannot) allege that he (i) received trading advice from PIMCO Funds for a fee, (ii) traded in U.S. Treasury futures contracts through PIMCO Funds or deposited any money with PIMCO Funds in connection with such a trade, (iii) purchased Treasury futures

---

[7]   There are two "¶ 20" in the Complaint; the above citation refers to the first one.

contracts from or sold such contracts to PIMCO Funds, or (iv) placed any order with PIMCO Funds for the purchase or sale of a U.S. Treasury future contract.  Furthermore, the Complaint does not plead a single purchase or sale of a futures or options contract, much less one in which the market price was manipulated.

Because Plaintiff's Complaint does not contain any well-pled (or even conclusory) allegation to demonstrate that he has standing under Section 22(a)(1) to assert any claim under the CEA against PIMCO Funds, his Complaint should be dismissed.

### III.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff's Complaint should be dismissed without leave to amend, because any amendment would be futile.  *See Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003) (affirming dismissal with prejudice because further amendment to complaint would have been futile); *Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 9 (2d Cir. 1996) (affirming dismissal with prejudice because more detailed allegations would not save the complaint, which was based "on flawed and unreasonable methodologies that lead to unsupported conclusions").  Here, the fundamental errors underlying Plaintiff's Complaint as concerns PIMCO Funds cannot be cured by any further pleading.  Accordingly, Plaintiff's Complaint should be dismissed with prejudice as against PIMCO Funds.  *See, e.g.*, *Gomes v. ANGOP, Angola Press Agency*, No. 11-cv-580 (DLI), 2012 WL 3637453, at *19 (E.D.N.Y. Aug. 22, 2012) (dismissing *pro se* plaintiff's claims with prejudice).[8]

---

[8] Indeed, for the reasons set forth in PIMCO's Memorandum in Support of its Motion to Dismiss, Plaintiff's complaint should be dismissed with prejudice and without leave to appeal pursuant to 28 U.S.C. § 1915, because Plaintiff's claims are frivolous and not grounded in reality – consistent with his unfortunate history of mental illness and delusions of conspiracies to manipulate commodities markets that only he can perceive – and fail to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915; *Neitzke v. Williams*, 490 U.S. 319, 325, 27-28 (1989).

## **CONCLUSION**

For the foregoing reasons, Defendant PIMCO Funds respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Dated:  December 10, 2012                                   Respectfully submitted,

                                                                                    By:  /s/_David A. Kotler_____
                                                                                     David A. Kotler

                                                                                     DECHERT LLP

                                                                                     David A. Kotler
                                                                                     1095 Avenue of the Americas
                                                                                     New York, New York 10036
                                                                                     Tel.: (212) 698-3500
                                                                                     Fax: (212) 698-3599
                                                                                     david.kotler@dechert.com

                                                                                     Matthew L. Larrabee, *pro hac vice*
                                                                                     One Maritime Plaza – Suite 2300
                                                                                     San Francisco, CA 94111-3513
                                                                                     Tel.: (415) 262-4500
                                                                                     Fax: (415) 869-3267
                                                                                     matthew.larrabee@dechert.com

                                                                                     *Attorneys for Defendant PIMCO Funds*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 10, 2012 I provided a copy of the foregoing via the Court's Electronic Case Filing system to counsel of record for all defendants, and via Federal Express to the following:

Stephen A. Miller
83 Waldorf Avenue
Bridgeport, CT 06605
*Pro Se Plaintiff*

                By:  _/s/_ David A. Kotler_____
                   David A. Kotler